ELLIS, Judge.
Plaintiff, Willie Johnson, brings this suit for workmen’s compensation benefits against his employer, James W. Ponder, claiming to have been totally and permanently disabled in the course of his employment. From an adverse judgment, finding plaintiff to be temporarily totally disabled, defendant has appealed.
The record shows that plaintiff was injured on June 2, 1967, when a concrete block fell on his left ankle. Three weeks later, he consulted a doctor, who found a chronic ulcer on his left ankle, and who treated him. When plaintiff failed to improve, further tests were given and a basal cell carcinoma was discovered. Plaintiff was sent to Charity Hospital in New Orleans, where an operation was performed on his ankle. The treating physician did not see plaintiff from the time he was sent to Charity Hospital in July, 1967, until the date of the trial, July S, 1968. At that time, he found the ulcer to be still pres-' ent, together with a chronic infection of the foot. He felt plaintiff to be disabled as a result of that condition, which resulted from the injury. There is no medi *635 cal or lay evidence to the contrary in the record.
The other aspects of the case arise out of the following circumstances: Just before he saw the doctor, plaintiff consulted an attorney, who wrote a demand letter to Mr. Ponder. When defendant asked plaintiff about it, he denied any knowledge of the matter, and defendant ignored the letter. He next heard about the matter when he was served with the petition in this suit in May, 1968. Plaintiff once again denied any knowledge of or responsibility for the suit. On June 13, 1968, defendant took plaintiff to Amite, Louisiana, where plaintiff executed a motion to dismiss this suit, together with an affidavit in support thereof. This motion and affidavit were presented to the trial judge and plaintiff’s attorney on July 3, 1968, two days before the case was fixed for trial.
On the trial date, plaintiff was placed on the witness stand by the trial judge and asked if he wished to prosecute the case, represented by his attorney. When plaintiff stated that he wished to go forward with the case, the judge refused to sign the motion to dismiss.
Defendant then filed his answer, and a third party demand, and moved to continue the case on the ground that the main and third party demands should be tried at the same time. The judge denied the motion. Defendant then moved for a continuance on the ground that he had come to court relying on the motion to dismiss, and was not prepared for trial. This motion was also denied, and the case tried on its merits. The testimony discloses, virtually without contradiction, all of the facts here-inabove detailed.
In this court, plaintiff has amended his petition so as to ask penalties and attorney’s fees because of defendant’s alleged arbitrary refusal to pay compensation, and has answered the appeal asking damages for a frivolous appeal. No other questions are raised by the answer.
The specifications of error relate to the court’s refusal to grant a continuance; to the refusal of the court to dismiss the suit on the motion to dismiss executed by plaintiff; to the refusal of thé court to dismiss the suit because the actions of plaintiff constituted an abuse of the judicial process; and to the general merits of the case.
No mandatory ground for a continuance appears from the record. See Article 1602 of the Code of Civil Procedure. Whether incidental demands should be tried with the main demand is discretionary with the trial judge. Article 1038, Code of Civil Procedure. We cannot see that the trial judge has abused his discretion in refusing the continuance on either ground. The third party defendants named by defendant were his own automobile public liability and garage liability insurers, determination of whose liability to defendant would in no way affect plaintiff’s claim. We further note that defendant had ample time to prepare his case, and that he failed to present the motion to dismiss to either court or counsel for plaintiff until two days before the trial date, although he had obtained it some three weeks before.
Neither do we ascertain any abuse of the process of the court, since plaintiff’s claim is substantial enough to have persuaded the court below of its validity.
We find the judgment correct in the latter respect as well. There is no evidence to contradict that given by the treating physician, which was detailed above. We agree with the fact that plaintiff has shown himself to be temporarily totally disabled.
It is apparent that plaintiff’s actions since his injury have been inconsistent and that his credibility is doubtful. However, we believe that the trial judge properly refused to dismiss the case on plaintiff’s motion after plaintiff repudiated it from the witness stand.
*636 On the other hand, we do not believe that plaintiff is entitled to penalties and attorney’s fees, since his failure to get compensation from defendant is without doubt attributable to his own representations. Neither do we feel him entitled to damages for a frivolous appeal, since serious procedural questions have been presented.
The judgment appealed from is affirmed, at defendant’s cost.
Affirmed.